**SO ORDERED: May 26, 2009.**

_____
**Frank J. Otte
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BETTY JOHNSON | ) CASE NO.04-21195-FJO-7A |
| | ) |
| Debtor | ) |

ORDER

     This matter came before this Court pursuant to the Debtor's Motion to Convert to Chapter 13 and the Trustee's Objection filed thereto. The Court held a hearing on this matter on May 20, 2009 and ruled in favor of the Trustee on his Objection and against the Debtor on her Motion. This Court incorporates the statements it made on the record in open Court into this Order. The issue before the Court is whether the right in Section 706(a) of the Bankruptcy Code to convert a Chapter 7 bankruptcy to another chapter can be denied because of bad faith, and if so, does bad faith exist in the

present case so as to preclude this Debtor from exercising the right to convert to a Chapter 13.

The Debtor filed her Chapter 7 Petition on November 16, 2004. Mr. Joseph Hammes was appointed the Trustee in this case. A meeting of creditors was on December 27, 2004. On February 1, 2005, the Trustee filed a Notice of Possible Assets wherein he indicated an intention to administer the Debtor's interest in real estate. The Debtor moved to dismiss her case on February 26, 2005, but after the Trustee objected, she withdrew her Motion.

The Trustee, on March 9, 2009, filed an Application to Conduct 2004 Examination Duces Tecum. The Debtor filed a response indicating she had already offered to pay all unsecured claims in full plus the trustee's administrative fee. On March 30, 2009, the Court conducted at hearing and entered an order directing the Debtor to pay $19,000 within 10 days. When no payment was received, the Trustee, on April 17, 2009, sent an e-mail to Debtor's counsel inquiring about the late payment. The Debtor, instead of paying the amount as ordered by the Court and as she herself had indicated she was willing to do, filed a Motion to Convert Case to Chapter 13.

Since the 2007 United Supreme Court case of *Marrama v. Citizens Bank*, debtors who are found to have acted in bad faith no longer have the absolute right to convert their cases. 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). In a 5-4 decision, the Court in *Marrama* ruled that there is a "bad faith"

exception to the right of conversion in Section 706(a).  The opinion by Justice John Paul Stevens held that although most Chapter 7 debtors can convert to Chapter 13, a Chapter 7 debtor who engages in bad faith conduct does not qualify as a "debtor" under Chapter 13 and thus cannot convert his petition.  The majority also wrote that courts have the inherent power to deny the motions of litigants who act in bad faith. *Marrama v. Citizens Bank*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

This Court, for the reasons set forth on the record, finds that the Debtor's request should be denied based upon her conduct in this case.  Her actions in this case have been for the purpose of delay and to keep available assets away from the reach of the Trustee to pay her creditors.

Therefore, this Court DENIES the Debtor's Motion to Convert and SUSTAINS the Trustee's Objection thereto.

###